# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Tatum Gitlitz,

     Plaintiff

v.

Bitrate Productions,

     Defendant

Case No.: 2:24-cv-01081-JAD-DJA

**Order Granting Motions to Lift Stay and Withdraw as Counsel**

[ECF Nos. 18, 19]

     Tatum Gitlitz sues her former employer, Bitrate Productions, alleging that the company demoted her and cut her pay because she became pregnant. Because Gitlitz's employment agreement contained a valid arbitration clause, I granted Bitrate's motion to compel arbitration and stayed this case pending the completion of that process.[1] Gitlitz now moves to lift that stay, arguing that Bitrate has failed to participate in arbitration or pay required fees, causing the arbitrator to cancel the proceedings entirely. Bitrate's counsel also moves to withdraw, averring that Bitrate discharged their services in June. Bitrate does not respond to either motion.

     Because Bitrate's conduct amounts to a default in the arbitration proceeding, it is no longer entitled to a stay under § 3 of the Federal Arbitration Act. So I lift the stay and order this case back on the litigation track. I also grant Bitrate's counsel's motion to withdraw and, because corporations cannot proceed without counsel in federal court, Bitrate must retain new counsel and file a notice of appearance by October 27, 2025. If Bitrate fails to do so, Gitlitz may seek the entry of default against it.

---

[1] ECF No. 16.

**Discussion**

Section 3 of the Federal Arbitration Act mandates that, if a party shows that the case currently pending in federal court should be arbitrated under a written agreement between the parties, the court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing [that] the applicant for the stay is not in default in proceeding with such arbitration."[2]  The Ninth Circuit has held that, in the event of such a default after the court has stayed litigation and sent the case to arbitration, the court need not compel the parties to return to arbitration.[3]  Instead, "[i]f a party defaults after an initial stay and reference to arbitration, that permits a district court to vacate the § 3 stay."[4]  The question of arbitration default is one that the district court can decide.[5]  Courts generally conclude that the failure to pay arbitration fees constitutes a material breach of the parties' arbitration agreement and is a substantial indication of default.[6]

I find that Bitrate has defaulted in the arbitration proceedings.  Gitlitz has produced evidence showing that Bitrate has failed to fulfill its outstanding payment obligations and

---

[2] 9 U.S.C. § 3.

[3] *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1200 (9th Cir. 2003).

[4] *Id.* at 1201.

[5] *See id.* (affirming the district court's decision lifting stay, noting that the "district court did not err in finding [the opposing party] to be in default of arbitration"); *Pre-Paid Legal Servs., Inc. v. Cahill*, 785 F.3d 1287, 1296 (10th Cir. 2015) (finding that district courts have "the power to decide whether a default has occurred under § 3" and citing *Sink* in support).

[6] *See, e.g.*, *Sink*, 352 F.3d at 1201 (noting that the "failure to pay required costs of arbitration was a material breach of [the party's] obligations in connection with the arbitration"); *Agerkop v. Sisyphian LLC*, 2021 WL 1940456, at *6 (C.D. Cal. Apr. 13, 2021); *Pre-Paid Legal Servs.*, 786 F.3d at 1294; *Caban v. Smartpay Leasing, LLC*, 2018 WL 11247851, at *4 (M.D. Fla. June 28, 2018).

discharged its counsel.[7]  Because of those developments, the arbitrator cancelled the proceedings and informed Gitlitz that "the matter will remain inactive" unless Bitrate pays the fee and retains new counsel.[8]  Under these circumstances, arbitration cannot move forward without Bitrate's compliance, and there is no indication that Bitrate intends to comply.  Indeed, it has failed to oppose this motion, which alone constitutes consent to granting it under this district's local rules.[9]  So, because Bitrate has defaulted in the arbitration and thus cannot continue to insist on that forum, I grant Gitlitz's motion to lift the stay.

With good cause appearing, I also grant Bitrate's counsel's motion to withdraw.  But because corporations like Bitrate "must be represented by counsel,"[10] Bitrate must retain new counsel if it intends to defend against this lawsuit.  I thus order Bitrate to retain counsel, and for that counsel to file a notice of appearance by Monday, October 27, 2025.  If Bitrate fails to comply with this order, Gitlitz may seek an entry of default against it.

## Conclusion

IT IS THEREFORE ORDERED that Tatum Gitlitz's motion to lift the stay pending arbitration **[ECF No. 18] is GRANTED**.  The Clerk of Court is directed to **ADMINISTRATIVELY REOPEN this case and LIFT THE STAY**.

---

[7] ECF No. 18-1 at 1; *see also* ECF No. 10-1 at 6 (the parties' arbitration clause, stating that the "costs of arbitration" will "be borne equally by both parties").

[8] *Id.*

[9] L.R. 7-2(d).

[10] *Readling Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016); *see also United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel.").

IT IS FURTHER ORDERED that Dickinson Wright, PLLC's motion to withdraw as counsel **[ECF No. 19] is GRANTED. Bitrate must retain new counsel, and that new counsel must file a notice of appearance, by Monday, October 27, 2025**.

IT IS FURTHER ORDERED that **this case is REFERRED to the magistrate judge** to issue any orders necessary to return this case to the litigation track.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to MAIL this order** to Bitrate's last known addresses:

Bitrate Productions
6745 S. Surrey St.
Las Vegas, NV 89119

Bitrate Productions
Corporation Service Company
112 North Curry Street
Carson City, NV 89703

_____
U.S. District Judge Jennifer A. Dorsey
September 26, 2025